1
2
3
4
5
6
7
8
9

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MERCHSOURCE, LLC, | Case No. 13-cv-01945-BAS(DHB) |
|---|---|
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| HSM INTERNATIONAL, *et al*., | |
| Defendants. | |

This case is a copyright and trademark infringement action in which the only remaining Defendant—HSM International, a Hong Kong Company ("HSM")—has been in default since April 1, 2015. Plaintiff filed two motions for default judgment against HSM, but the Court denied Plaintiff's motions without prejudice. (ECF Nos. 34, 38.) The Court provided Plaintiff with a third opportunity to move for default judgment and warned Plaintiff that a failure to file an amended motion would result in this action being dismissed. (ECF No. 38.) An amended motion was not filed. Accordingly, for the reasons discussed below, the Court exercises its inherent authority to **DISMISS WITHOUT PREJUDICE** Plaintiff's action.

//

## I. BACKGROUND

On August 20, 2013, Plaintiff Merchsource, LLC commenced this action seeking damages and other appropriate relief for copyright infringement, trademark infringement, and related claims. (ECF No. 1.) On July 28, 2014, the Court granted Plaintiff's request to appoint a Special Process Server to allow Plaintiff to effect service on HSM in Hong Kong. (ECF No. 22.) On August 28, 2014, Plaintiff filed an affidavit of service demonstrating that HSM had been delivered a package containing the summons for this matter and related items at its address in Hong Kong. (ECF No. 25.) After HSM failed to appear or otherwise answer the Complaint, Plaintiff moved for an entry of default against HSM. (ECF No. 29.) The Clerk of the Court entered default against HSM on April 1, 2015. (ECF No. 30.)

On May 1, 2015, Plaintiff moved for default judgment against HSM. (ECF No. 32.) The Court denied Plaintiff's request after hearing oral argument on the motion. (ECF No. 34.) In doing so, the Court permitted Plaintiff the opportunity to file an amended motion for default judgment but directed that any future motion would need to contain the following: (1) specifics, including any necessary affidavits, demonstrating that the Court has personal jurisdiction over HSM; (2) a summary of law for each claim for which Plaintiff is requesting a default judgment, including both the elements that need to be proved and where those elements can be found in the Complaint; and (3) legal authority demonstrating that Hong Kong permits service by mail. (*See* ECF Nos. 34, 36.) On November 18, 2015, Plaintiff filed a supplement to its initial motion for default judgment. (ECF No. 35.)

On January 12, 2016, the Court issued an order noting that there was no motion for default judgment pending before the Court because Plaintiff did not file a new or amended motion. (ECF No. 36 at 2.) The Court also noted that Plaintiff's supplement to its initial motion did not contain the additional information requested by the Court. (*Id.*) The Court ultimately provided Plaintiff with a February 8, 2016, deadline to file an amended motion for default judgment containing the requested additional

information. (*Id.* at 3.)

On February 3, 2016, Plaintiff filed an amended motion for default judgment. (ECF No. 37.) The Court denied Plaintiff's amended motion because it again did not contain the requested specifics, including any necessary evidence, establishing that the Court has personal jurisdiction over HSM. (ECF No. 38.) The Court also denied the motion because it similarly did not address the sufficiency of the Complaint. (*Id.*) The Court provided Plaintiff with one final opportunity to adequately move for default judgment by May 12, 2016, and cautioned Plaintiff that a failure to do so would result in a dismissal without prejudice. (*Id.*) Plaintiff did not renew its motion for default judgment.

## II.   DISCUSSION

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630–32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In determining whether to exercise this power,

"the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson*, 779 F.2d at 1424, and *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted). Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

Here, the procedural history summarized above demonstrates that Plaintiff has failed to advance this case. Plaintiff was provided multiple opportunities to secure a default judgment against the only remaining Defendant, but it has not done so. The Court warned Plaintiff that if it did not file an amended motion for default judgment by May 12, 2016, the Court would dismiss this action without prejudice. No motion was filed. Accordingly, the Court turns to considering whether it is appropriate to exercise its inherent authority to dismiss Plaintiff's action based on the five factors enumerated above.

### A.   Public's Interest in Expeditious Resolution of Litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Here, this case has been pending for almost three years, and Plaintiff has failed to secure a default judgment against HSM, despite that HSM has been in default for over a year. Thus, the Court finds that this factor weighs in favor of dismissal.

### B.   Court's Need to Manage Its Docket

A district court "is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984). In this case, Plaintiff's unsuccessful

motions for default judgment consumed the Court's time and resources "that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. That Plaintiff has not filed an amended motion for default judgment by the deadline specified by the Court demonstrates that Plaintiff does not intend to prosecute this action and "that its continued presence on the court's docket will waste valuable resources." *See Curtis v. Bank of Am., N.A.*, No. CV 12-09158 MMM MANX, 2013 WL 1561475, at *2 (C.D. Cal. Apr. 12, 2013). Consequently, this factor also weighs in favor of dismissal.

### C. Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987)). "[T]he pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Here, it is challenging to discern actual prejudice to HSM, given that HSM is in default and there is no indication that HSM intends to move to set aside the default and appear or otherwise defend itself in this action. That said, the Court finds that Plaintiff's delay in securing a default judgment against HSM and Plaintiff's decision not to file an amended motion for default judgment have unreasonably delayed the resolution of this matter. Thus, prejudice is presumed, and this factor weighs in favor of dismissal.

//
//
//
//

### D. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. Accordingly, this factor weighs against dismissal. *See id.*; *Hernandez*, 138 F.3d at 399.

### E. Availability of Less Drastic Alternatives

This factor examines whether less drastic alternatives to dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [its] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

Here, because the remaining Defendant, HSM, is in default, this case may only proceed by either HSM moving to set aside the default or by Plaintiff obtaining a default judgment against HSM. As default was entered against HSM on April 1, 2015, there is no indication that HSM intends to set aside the default. Therefore, this case cannot be resolved unless Plaintiff secures a default judgment against HSM.

With this is mind, the Court provided Plaintiff multiple opportunities to obtain a default judgment against HSM, but Plaintiff was unsuccessful in doing so. The Court also cautioned Plaintiff that a failure to file an amended motion for default judgment with the necessary supporting information would result in a dismissal without prejudice. Plaintiff elected not to file an amended motion. The Court consequently finds that less drastic alternatives to dismissal are not available in these circumstances. *See Curtis*, 2013 WL 1561475, at *2 (finding the plaintiffs' "failure to amend [their complaint] in accordance with the court's order granting the motion with leave to amend indicates that there are no less drastic alternatives that are realistically available"). As a result, this factor weighs in favor of dismissal.

On balance, four out of five factors weigh in favor of dismissal. Accordingly, the Court exercises its inherent authority to dismiss Plaintiff's complaint without prejudice. *See Pagtalunan*, 291 F.3d at 643.

1 | III. **CONCLUSION**

2 |     For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE**
3 | Plaintiff's action.
4 |     **IT IS SO ORDERED.**
5 |
6 | DATED:  May 26, 2016

Hon. Cynthia Bashant
United States District Judge